## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| STEVEN W. BLOOM, ) | Case No.  17-11650-TBM |
| Debtor. ) | Chapter 11 |
| ) | |

**DECLARATION IN LIEU OF DIRECT TESTIMONY WITH RESPECT TO CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION**

In lieu of direct testimony, Steven W. Bloom (the "Debtor" or "Mr. Bloom"), through his undersigned counsel, makes the following offer of proof concerning confirmation of the Debtor's Second Amended Plan of Reorganization (the "Plan"). At the hearing on confirmation of the Debtor's Plan, the Debtor would call Mr. Bloom who would testify as follows:

1. Mr. Bloom is over the age of 18 years old and has personal knowledge of the information contained in this Declaration.

2. Mr. Bloom is the Debtor in this bankruptcy case. Mr. Bloom is familiar with his operations, financial affairs, and books and records. Mr. Bloom is familiar with all of the pleadings filed in this bankruptcy case, including the Plan, as amended, and the accompanying Disclosure Statement.

3. Mr. Bloom believes that the Debtor's Plan provides the best solution for all creditors in this case. The Plan provides for reorganization of the Debtor under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

4. The Plan complies with the applicable provisions of the Bankruptcy Code. The Debtor prepared and filed his Plan and accompanying Disclosure Statement. The Disclosure Statement was approved by the Bankruptcy Court. The Debtor mailed the Plan, Disclosure Statement and ballot to all creditors and parties in interest for voting on the Plan.

5. The Debtor has complied with the applicable provisions of the Bankruptcy Code. The Debtor filed his Voluntary Petition with the Bankruptcy Court, filed his Statement of Financial Affairs and Schedules, monthly reports, and has complied with all orders issued by the Bankruptcy Court.

6. The Plan has been proposed in good faith and not by any means forbidden by law.

7. Any payment of professional fees made or to be made by the Debtor has been approved by or is subject to the approval of the Court as reasonable and which shall not be paid until the Court approves such fees.

8. The Debtor has disclosed the identity and affiliations of any individual proposed to serve as the Reorganized Debtor after confirmation of the Plan. The Plan empowers the Debtor to take such actions as may be necessary to perform his obligations under the Plan. On the Effective Date of the Plan, Mr. Bloom will be appointed pursuant to 11 U.S.C. §1142 for the purpose of carrying out the terms of the Plan, taking all actions deemed necessary or convenient to consummate the terms of the Plan, including, but not limited to, the payment of creditors pursuant to the Plan.

9. There are no governmental regulatory commissions with jurisdiction which, after confirmation of the Plan, oversee the rates of the Debtor and no approval of Debtor's receipt of income is subject to governmental regulation.

10. With respect to each impaired class of claims or interests, each holder of a claim or interest has either accepted the Plan, has been deemed to have accepted the Plan, or will receive or retain under the Plan on account of such claim or interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.

11. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that:

    a. with respect to a claim of a kind specified in §§507(a)(2) or 507(a)(3) of the Bankruptcy Code, on the Effective Date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim;
    b. with respect to a class of claims of a kind specified in §§507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of the Bankruptcy Code, each holder of a claim of such class will receive:
        i. if such class has accepted the Plan, deferred cash payments of a value, as of the Effective Date of the Plan, equal to the allowed amount of such claim; or
        ii. if such class has not accepted the Plan, cash on the Effective Date equal to the allowed amount of such claim;
    c. with respect to a claim of a kind specified in §507(a)(8) of the Bankruptcy Code, the holder of such claim will receive on account of such claim will receive on account of such claim regular installment payments in cash:
        i. of a total value, as of the Effective Date of the Plan, equal to the allowed amount of such claim;

   ii. over a period ending not later than 5 years after the date of the order for relief under §§301, 302 or 303 of the Bankruptcy Code; and,

   iii. in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the Plan (other than cash payments made to a class of creditors under §1122(b) of the Bankruptcy Code).

  d. With respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under §507(a)(8), but for the secured status of that claim, the holder of that claim will receive on account of that claim, cash payments, in the same manner as prescribed in 11 U.S.C. §1129(a)(9)(C).

12. At least one non-insider impaired class has voted to accept the Plan and/or are deemed to have accepted the Plan. A Ballot Summary has been filed with the Court evidencing the same.

13. Confirmation of the Plan will not be followed by the liquidation of Debtor's assets or the need for further financial reorganization of the Debtor.

14. All fees payable under 28 U.S.C. §1930, as determined by the Court at a hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all such fees on the Effective Date of the Plan and continuing thereafter until the case is closed and/or dismissed by order of the Bankruptcy Court.

15. With respect to allowed secured claims, the holders of allowed secured claims shall retain their liens securing their claims and shall receive deferred cash payments equal to the allowed amount of such secured claims, with interest, or such secured claims are not impaired under the Debtor's Plan.

16. It is unlikely that the Debtor will need to liquidate or require further financial reorganization after confirmation of the Plan.

17. The Debtor does not provide retirement benefits.

18. The Debtor is the subject to a judicial or administrative order, or by statute, to pay a domestic support obligation. The Debtor is current on his post-petition support obligations. Further, the Debtor's Second Amended Plan requires the Debtor to pay, in full, all arrears of any pre-petition domestic support obligation by the Effective Date.

19. The Plan does not discriminate unfairly, is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted the Plan.

20. With respect to secured claims, the Plan provides:

   a. that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the Debtor or transferred to another entity, to the extent of the allowed amount of such claims; and
   b. that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the Effective Date of the Plan, of at least the value of the holder's interest in the estate's interest in such property
   c. for the sale, subject to §363(k) of the Bankruptcy Code, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (i) or (iii) of 11 U.S.C. §1129(b)(2)(A).
   d. for the realization by such holders of the indubitable equivalent of such claims.

21. With respect to a class of unsecured claims:

   a. the Plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the Effective Date of the Plan, equal to the allowed amount of such claim; or
   b. the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the Plan on account of such junior claim or interest any property, except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under §1115 of the Bankruptcy Code, subject to the requirements of 11 U.S.C. §1129(a)(14).

IN ACCORDANCE WITH 28 U.S.C. §1746, I DECLARE UNDER PENALTY OF PERJURY THAT I HAVE EXAMINED THE FOREGOING DECLARATION AND THE STATEMENTS THEREIN, AND, TO THE BEST OF MY KNOWLEDGE, THE DECLARATION AND THE STATEMENTS THEREIN ARE TRUE, CORRECT AND COMPLETE.

Dated: May 16, 2019.

_____
Steven W. Bloom

20. With respect to secured claims, the Plan provides:

    a. that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the Debtor or transferred to another entity, to the extent of the allowed amount of such claims; and

    b. that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the Effective Date of the Plan, of at least the value of the holder's interest in the estate's interest in such property

    c. for the sale, subject to §363(k) of the Bankruptcy Code, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (i) or (iii) of 11 U.S.C. §1129(b)(2)(A).

    d. for the realization by such holders of the indubitable equivalent of such claims.

21. With respect to a class of unsecured claims:

    a. the Plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the Effective Date of the Plan, equal to the allowed amount of such claim; or

    b. the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the Plan on account of such junior claim or interest any property, except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under §1115 of the Bankruptcy Code, subject to the requirements of 11 U.S.C. §1129(a)(14).

    IN ACCORDANCE WITH 28 U.S.C. §1746, I DECLARE UNDER PENALTY OF PERJURY THAT I HAVE EXAMINED THE FOREGOING DECLARATION AND THE STATEMENTS THEREIN, AND, TO THE BEST OF MY KNOWLEDGE, THE DECLARATION AND THE STATEMENTS THEREIN ARE TRUE, CORRECT AND COMPLETE.

Dated: May 16, 2019.

*[signature]*
Steven W. Bloom