## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>STEVEN W. BLOOM,<br><br>Debtor. | Bankruptcy Case No. 17-11650 TBM<br>Chapter 11 |

### ORDER DENYING DEBTOR'S MOTION TO ADMINISTRATIVELY CLOSE BANKRUPTCY CASE

Before the Court is the Debtor's "Motion to Administratively Close Bankruptcy Case" (Docket No. 288, the "Motion").  The Debtor brings his Motion following confirmation of his Chapter 11 Plan primarily to avoid his obligation to file quarterly reports and pay the related quarterly fees.  He argues that the obligation to file the quarterly reports and pay the quarterly fees "creates an unnecessary time and financial strain on the Debtor."  Motion ¶ 8.  As additional support for his Motion, the Debtor represents that "all motions, contested matters, and adversary proceedings have been finally resolved." *Id.* ¶ 7.   In accordance with L.B.R. 9013-1(a)(5)(A), the Court awaited the 14-day presumptive response time before considering the Motion.  No response was filed.

The Court has reviewed the record in this case, including the Debtor's most recent Post Confirmation Quarterly Reports (the "Quarterly Reports") for the period ending on September 30, 2019 (Docket No. 287) and the earlier period ending on June 30, 2019 (Docket No. 286).  The Quarterly Reports reflect that the Debtor resumed his pattern of fairly lavish spending.  His expenditures include charges for cruises, air travel, resort island hotel and restaurant purchases, purchases from Louis Vuitton, Nordstroms and Tommy Bahama, to name a few.  His salary each month exceeds $12,000.  Based upon his financial transactions, it appears that the Debtor and/or his family has travelled recently to: Milan, Italy; Florence, Italy; Bellagio, Italy; Sturgis, South Dakota; Deadwood, South Dakota; Vail, Colorado; Las Vegas, Nevada; Miami, Florida; St. Thomas, Virgin Islands; Tortola, British Virgin Islands; and St. Kitts and Nevis.

The Court also reviewed the record of the pending adversary case involving Glencove Holdings, LLC ("Glencove") and the related contested matter, the Debtor's objection to Glencove's proof of claim.  The Debtor's dispute with Glencove predated, and, in fact, precipitated the filing of this case.  In addition to some significant tax debt, the contest with Glencove pervaded the prosecution of this case and was the pivotal hurdle which the Debtor had to overcome to achieve confirmation of a Chapter 11 Plan.

The Debtor represents in his Motion that all contested matters and adversary cases have been finally resolved. But the litigation with Glencove is ongoing.

The quarterly fees the Debtor seeks to avoid paying are prescribed by 28 U.S.C. § 1930(a)(6). The prescribed fees are to be paid to the United States Trustee and vary depending on the amount a debtor disburses under a plan. That section of Title 28 requires that the quarterly fee be paid "for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first." 28 U.S.C. § 1930(a)(6)(A). The United States Court of Appeals for the Tenth Circuit has interpreted that section of Title 28 to require that "debtors pay UST fees until a case is converted, dismissed, *or closed* . . . ." *United States Trustee v. CF & I Fabricators of Utah, Inc. (In re CF & I Fabricators of Utah, Inc.)*, 150 F.3d 1233, 1237 (10th Cir. 1998) ("It would be absurd to conclude when Congress amended § 1930(a)(6) [in 1996] to broaden its reach [to increase revenues collected through UST fees] it intended to eliminate UST fees if a case successfully closed.")(emphasis in the original).

The Debtor's Motion to close the case is akin to a motion to waive the quarterly fee. 28 U.S.C. § 1930(f) includes very specific provisions governing fee waivers in bankruptcy cases. They are directed primarily to the fees for an individual filing a case under Chapter 7 whose income is "less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments." 28 U.S.C. § 1930(f)(1). "The . . . bankruptcy court may waive *for such debtors* other fees prescribed by subsections (b) [the Judicial Conference of the United States my prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b)] and (c) [fees for appeals]." 28 U.S.C. § 1930(f)(2) (emphasis added). Neither of the foregoing applies to this Debtor and the Motion before the Court. That leaves only the catch all of 28 U.S.C. § 1930(f)(3): "This subsection does not restrict the district court or the bankruptcy court from waiving, *in accordance with Judicial Conference policy*, fees prescribed under this section for other debtors and creditors." 28 U.S.C. § 1930(f)(3) (emphasis added).

The collection of revenues from the quarterly fees is critical to "support the self-funded administration of bankruptcy cases." *CF & I*, 150 F.3d at 1236 (quoting *q* , 210 B.R. 332, 335 (Bankr. W.D. Mo. 1997)); *see also In re Atna Res. Inc.*, 576 B.R. 214, 220 (Bankr. D. Colo. 2017) (The *Atna* court is persuaded by the argument of the United States Trustee that "Congress developed the quarterly fee requirement for the benefit of taxpayers so that the U.S. Trustee Program would be substantially self-funded by the users of the bankruptcy system at no cost to the taxpayer.")

The Debtor does not provide the Court with any legal authority pointing to any "Judicial Conference policy" which would govern the waiver of the quarterly fee mandated by 28 U.S.C. § 1930(a)(6). This Court has been unable to locate any such authority from its own research. The Debtor does not cite or distinguish the *Atna* case which rejected a liquidating trustee's motion to close a Chapter 11 case "administratively" in order to avoid the payment of the quarterly fees.

2

The collection of fees is absolutely critical to the vitality and ongoing operation of the bankruptcy system as a whole. And fees should be waived in only the rarest of circumstances, *e.g.*, 28 U.S.C. § 1930(f)(1), and only "in accordance with Judicial Conference policy." 28 U.S.C. § 1930(f)(3).

The Debtor has offered nothing to the Court to suggest that his case falls within the rarest of circumstances which might warrant a waiver of fees. The only reason he offers is that having "to file quarterly reports and pay his quarterly fees creates an unnecessary time and financial strain on the Debtor." Motion ¶ 8. The Court will not relieve the Debtor of the obligation to pay the comparatively modest bankruptcy quarterly fees while the Debtor and/or his family enjoy a lavish lifestyle which includes cruises and foreign travel. To do so would offend the bankruptcy process.

Having reviewed the record in this case, including the Debtor's recent Quarterly Reports, the Court rejects the Debtor's arguments. Moreover, the Debtor's representations that his case has been fully administered is belied by the record of the ongoing and unresolved adversary case with Glencove and the related contested matter in which the Debtor objected to Glencove's proof of claim. Accordingly, the Court:

ORDERS that the Debtor's Motion is DENIED.

DATED this 23rd day of December 2019.

BY THE COURT:

_Thomas B. McNamara_
Thomas B. McNamara,
United States Bankruptcy Judge